*1293 BACHARACH, J.,
dissenting.
The majority concludes that the Charge exhausts the plaintiffs Title VII claim. But in my view, the plaintiff waived this issue by (1) failing to present it in district court and neglecting to urge plain error on appeal and (2) failing to develop this issue in his opening brief in the appeal. Based on these waivers, I would not consider the Charge. And I regard the Intake Questionnaire as immaterial to the exhaustion requirement. Thus, I believe that the district court properly dismissed the action.
1. The Plaintiffs Two Waivers Regarding the Sufficiency of the Charge
The first waiver. The plaintiffs first waiver resulted from his failure to discuss the sufficiency of the Charge when responding to the defendant’s motion to dismiss in district court.
The majority refers to page 7 of the plaintiffs response brief filed in district court. Maj. Op. at 1290 n.3. This page contains only one pertinent sentence: “The regulation also dictates, however, that strict compliance with these requirements is not necessary so long as the Charge the Commission receives is ‘a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.’ ” Supp. App’x at 12 (quoting Semsroth v. City of Wichita, 304 Fed.Appx. 707, 712 (10th Cir. 2008) (unpublished)). The plaintiff follows this statement with this: “The more important question is whether the written statement generally describes the action complained of. Here, it is clear the written statement by Shane Jones [which is the attachment to the Intake Questionnaire, not the Charge] meets this requirement.” Id.
The entire thrust of the plaintiffs argument in district court[1] was that: (1) the EEOC, not Mr. Jones, had prepared the Charge papers and (2) the EEOC, through neglect, had failed to adequately include the substance of the plaintiffs claim in the Charge. The plaintiff makes this clear in the concluding paragraph to his response to the motion to dismiss: “In the instant case, it is clear that Plaintiff Shane Jones alleged quid pro quo sexual harassment. However, when the EEOC prepared the Charge papers, the EEOC failed to specifically allege quid pro quo sexual harassment. This was clearly an oversight by the EEOC. If the employer’s Motion to Dismiss is granted, the Plaintiff Shane Jones will be penalized for the EEOC’s negligence in preparing the Charge.” Id. at 15; see also id. at 12 (“The attachment [to the Intake Questionnaire] clearly evidences quid pro quo sexual harassment and should have been included by the EEOC in the Charge papers. The EEOC failed to include in the Charge papers the claim described in the written attachment which was part of the responses to the Intake Questionnaire.”).
The plaintiffs omission of this argument in district court resulted in a forfeiture. See Anderson v. Spirit Aerosystems Holdings, Inc., 827 F.3d 1229, 1238 (10th Cir. 2016). Forfeited arguments are ordinarily reviewable under the'plain-error standard. Id. at 1239. But the plaintiff has not asked us for plain-error review. As a result, the plaintiff waived his appellate argument on the sufficiency of the Charge. See McKissick v. Yuen, 618 F.3d 1177, 1189 (10th Cir. 2010) (“[E]ven if [the appellant’s] arguments were merely forfeited before the district court, her failure to explain in her opening appellate brief ... how they survive the plain error standard waives the arguments in this court.” (emphasis in original)).
*1294 The second waiver. The plaintiffs second waiver took place in his opening brief in this appeal. There the plaintiff argued that the Intake Questionnaire was sufficient, but he did not develop an argument involving the Charge. There were only two references to the Charge in the opening briefs discussion of exhaustion.
In one reference, the plaintiff stated that a “pivotal question” was whether the “Intake Questionnaire (APP 42-50) and Charge (APP 41) [met] minimum requirements for the exhaustion of remedies.” Plaintiffs Opening Br. at 11. After identifying this “pivotal question,” the plaintiff failed to discuss the Charge or say why it sufficed for exhaustion. Instead, the plaintiff answered the “pivotal question” by focusing solely on the Intake Questionnaire.
The second reference again identified “the question” as whether the plaintiffs information in “(APP1)[2] would prompt an investigation of the quid pro quo claim.” Plaintiffs Opening Br. at 15. Then, in answering this question, the plaintiff referred solely to the information in the Intake Questionnaire, concluding that it had sufficiently described the underlying claim. Id. at 18. The Charge was again ignored.
These were the only two references to the Charge in the opening briefs discussion on exhaustiqn. Though the plaintiff twice referred to the Charge in framing the issue, he never discussed the Charge or stated why it would suffice for exhaustion. The plaintiffs two isolated references to the Charge failed to develop an argument regarding the Charge, resulting in a waiver. See Illiev v. Holder, 613 F.3d 1019, 1026 n.4 (10th Cir. 2010) (stating that the appellant’s failure to sufficiently develop an argument in his opening brief constituted a waiver).
After the plaintiff filed his opening brief, the EEOC filed an amicus brief, arguing that the Charge was sufficient. But we typically do not entertain an amicus curiae’s argument for reversal that had not been presented in the appellant’s opening brief. E.g., Tyler v. City of Manhattan, 118 F.3d 1400, 1404 (10th Cir. 1997). I would apply our typical practice here and decline to consider this argument.
We may assume, for the sake of argument, that this argument was developed in the plaintiffs reply brief. But we do not ordinarily consider appellate arguments for reversal made for the first time in an appellant’s reply brief. E.g., Gutierrez v. Cobos, 841 F.3d 895, 902 (10th Cir. 2016). I would follow that practice here.[3]
[[Image here]]
In my view, the plaintiff twice waived the sufficiency of the Charge. Thus, I would not address this issue.
2. Insufficiency of the Intake Questionnaire for Exhaustion
Mr. Jones also contends that the Intake Questionnaire satisfies the exhaustion requirement. I disagree.
An intake questionnaire can sometimes constitute a charge when a separate charge is not submitted. See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402-03, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008). To constitute a charge, however, the intake questionnaire must request the EEOC to *1295 take remedial action to protect the employee’s rights or settle the dispute. Id.
In the Intake Questionnaire, the plaintiff stated that he wanted to file a separate charge; and he ultimately followed through by separately submitting a charge. Thus, the majority focuses on the Charge rather than the Intake Questionnaire. Maj. Op. at 1290. The majority’s focus is correct because the Intake Questionnaire never went to the employer. Id. As a result, the Intake Questionnaire is immaterial to the exhaustion requirement.
3. Conclusion
In my view, Mr. Jones
• waived a theory of exhaustion based on the Charge and
• failed to satisfy the exhaustion requirement based on the Intake Questionnaire.
Accordingly, I believe that the dismissal was correct. Because the majority concludes that the Charge suffices for exhaustion, I respectfully dissent.

. See Supp. App’x at 10-15.

. "APP 1" is the first page of a docket sheet, not the Charge. I assume that the plaintiff intended to cite page 41, which was the Charge.

. Oral argument provided the defendant with its first opportunity to address the plaintiff's argument regarding the sufficiency of the Charge. When given this opportunity, the defendant objected and argued that the plaintiff had waived an argument on the sufficiency of the Charge. Oral Arg. at 15:43-16:16.